UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br><br>              Plaintiff,<br><br>     v.<br><br>MARIO CRUZ, et al.,<br><br>              Defendants. | No.  2:22-cv-1949 DB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983, together with a request to proceed in forma pauperis.  Along with his complaint, plaintiff filed a motion to seal and a request to proceed under the pseudonym John Doe. (ECF No. 3.)

**REQUEST TO PROCEED UNDER PSEUDONYM AND MOTION TO SEAL**

Plaintiff's request is made on the grounds that he wishes to protect his "true identity from public exposure." (Id. at 1.)  Plaintiff claims he is at risk of harassment, injury, ridicule, personal embarrassment, and assault as a result of "his sex offender prior convictions" and the fact that he lives in a homeless community.  (Id. at 3.)  However, plaintiff also states that "[he] has already been assaulted a number of times in the community" as a result of these convictions.  (Id.)

"The normal presumption in litigation is that parties must use their real names."  Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate, 596 F.3d 1036, 1042 (9th Cir. 2010); see

1

1    also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P.
2    17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  The Ninth
3    Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special
4    circumstances when the party's need for anonymity outweighs prejudice to the opposing party
5    and the public's interest in knowing the party's identity."  Does I thru XXIII v. Advanced Textile
6    Corp., 214 F.3d 1058, 1068 (9th Cir. 2000).  "In order to proceed anonymously, a plaintiff must
7    show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable."
8    Kamehameha, 596 F.3d at 1043.
9         In the present case, plaintiff has not shown a reasonable fear of severe harm should
10   plaintiff file the present action under his real name.  Though plaintiff claims that he risks
11   retaliation from his community should they learn of his prior convictions, plaintiff readily admits
12   that they are already aware of these convictions and that this resulted in his assault.  (ECF No. 3
13   at 3.)  Additionally, a review of court records shows that plaintiff is currently engaged in another
14   action in this district, Holston v. Viera Rosa, 2:20-cv-01076-KJM-CKD, involving plaintiff's
15   prior sex offender convictions.  Plaintiff is proceeding in that action under his real name.  Plaintiff
16   also claims he is concerned about disclosure of his identity due to his sex offender prior
17   convictions but based on plaintiff's statements in his motion and his complaint, it appears this
18   information is likely already publicly disclosed under California Penal Code § 290.  See ECF No.
19   1 at 3.
20        Based on plaintiff's statements and court records, the information he seeks to protect is
21   already publicly available and known.  Thus, plaintiff has not shown that he has a reasonable fear
22   of severe harm should plaintiff proceed under his real name in this action.  Kamehameha, 596
23   F.3d at 1043.  Further, it does not appear that plaintiff's need for anonymity outweighs the
24   prejudice to the opposing party and the public interest given that plaintiff has not presented a
25   compelling argument for his need for anonymity.  Advanced Textile Corp., 214 F.3d at 1068.  As
26   such, plaintiff's request will be denied.
27        Plaintiff's request to seal his complaint is made "in conjunction" with plaintiff's request to
28   proceed under a pseudonym and on the same legal authority.  (ECF No. 3 at 1-2.) ("The court's

1  authority to seal the document is in conjunction with the authority to permit plaintiff to proceed
2  under the pseudonym John Doe.")  As the court will deny plaintiff's request to proceed under a
3  pseudonym, plaintiff's motion to seal will also be denied.
4      It is noted that plaintiff also filed this motion as he claims his mental health records are
5  pertinent to this litigation.  (ECF No. 3 at 3.)  However, plaintiff's request only concerns his
6  initial complaint, not plaintiff's mental health records.  Plaintiff is not precluded from seeking to
7  protect any such records from public disclosure should any party seek to file them with the court.
8  At the present time, plaintiff has only sought to file and seal the complaint.  (Id.)

## PLAINTIFF'S COMPLAINT

10      Plaintiff's initial complaint is not captioned with his name.  (See ECF No. 1.)  As
11  plaintiff's motion will be denied and he must proceed under his real name, the complaint fails to
12  comply with Rule 10(a) of the Federal Rules of Civil Procedure requiring that "[t]he title of the
13  complaint must name all the parties" and Rule 17(a)(1) requiring that "[a]n action must be
14  prosecuted in the name of the real party in interest."  Plaintiff's complaint will be stricken as it
15  does not comply with Rule 10(a).  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992);
16  see also Solo v. Dawson, No. CV 09-05623 MMM (RCx), 2010 WL 11508000, at *22-23 (C.D.
17  Cal. Feb. 8, 2010).  Plaintiff will be given the opportunity to file an amended complaint that
18  complies with Rule 10.
19  /////
20  /////
21  /////
22  /////
23  /////
24  /////
25  /////
26  /////
27  /////
28  /////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed under pseudonym and motion to seal (ECF No. 3) is denied; The Clerk of the Court shall make the documents in this action publicly available.

2. The initial complaint (ECF No. 1) shall be stricken as it fails to comply with Rule 10(a) of the Federal Rules of Civil Procedure.

3. Plaintiff is granted thirty (30) days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint;" failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

4. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: November 2, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/doe1949.pseu

4